

# The Attorney General of Texas

June 7, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Joe Resweber
Harris County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. H- 1176

Re: May Harris County require performance and payment bonds from contractors doing work on contracts not in excess of $25,000.

Dear Mr. Resweber:

You have requested our opinion as to whether Harris County may require its contractors to furnish payment and performance bonds on contracts not in excess of $25,000.

From 1975 to 1977, article 5160, V.T.C.S., <u>required</u> payment and performance bonds on all public works contracts in excess of $15,000. As we held in Attorney General Opinion H-813 (1976), however, a governmental authority was not prohibited by the statute from requiring a contractor to execute a bond when the contract was in a lesser amount, since common law bonds were recognized in Texas. In 1977, the Legislature amended article 5160 by increasing to $25,000 the amount above which contractors must furnish the statutory bonds. House Bill 305, Acts 1977, 65th Leg., ch. 809, at 2027. To overcome the effect of Attorney General Opinion H-813, the Legislature added a proviso to article 5160:

> . . . but no governmental authority may require a bond
> if the contract does not exceed the sum of $25,000.

You first contend that this portion of the statute is invalid because the title of House Bill 305 fails to give notice of the proviso's effect.

The title to House Bill 305 states:

> An Act relating to contractor's performance and
> payment bonds and certain liens for contracts <u>over</u> a

certain amount; amending Subdivision A of Article 5160 and Article 5427a, Revised Civil Statutes of Texas, 1925, as amended.

(Emphasis added). It is your position that, by failing to give notice of its intent to affect the requirement of bonds for contracts below a certain amount, the title contravenes article 3, section 35 of the Texas Constitution, which invalidates every part of a statute "which [is] not expressed in the title."

In Robinson v. Hill, 507 S.W.2d 521 (Tex. 1974), the Supreme Court held that article 3, section 35 requires only that

the title state the general subject; it need not explain the details.

507 S.W.2d at 525. To amend a bill, a mere

reference to the act or section to be amended is adequate, as long as the subject matter of the amendment is germane or reasonably related to the content of the original act.

Smith v. Davis, 426 S.W.2d 827, 833 (Tex. 1968). The precise effects of the bill need not be described in its title

so long as the subject of the amendatory act is not "remote" from the subject of the original act.

Id. at 833.

So, far from being "remote" from the subject of the original act, the proviso in question would appear to complement it: the one describes the legislative intent with regard to the requirement of bonds on public contracts in excess of a particular amount, while the other describes the legislative intent with respect to the requirement of bonds on public contracts not in excess of that amount. In our opinion, no portion of article 5160, as amended in 1977, is invalid by virtue of a defective title.

The answer to your initial question, then, is that, as a general rule, Harris County may not, under the present language of article 5160, require that payment and performance bonds be furnished on public works contracts not in excess of $25,000. The Harris County Road Law, however, requires a different result for certain kinds of public works contracts.

The Harris County Road Law, enacted in 1913 and amended a number of times thereafter, grants to the Commissioners Court of Harris County the authority to enter into contracts for the construction and maintenance of roads, bridges and drainage facilities. Acts 1967, 60th Leg., ch. 555, SS 1, 2, 9, at 1226. Section 9 of the Road Law requires a performance bond on any such contract in excess of $1,000. Section 33 provides that, in the event of a conflict with general law, the Road Law controls as to Harris County. In City of Piney Point Village v. Harris County, 479 S.W.2d 358 (Tex. Civ. App. — Houston [1st Dist.] 1972, writ ref'd n.r.e.), appeal dismissed, 410 U.S. 976 (1973), the court affirmed this statutory declaration:

> This [the Harris County Road Law] is a special law and its provisions, where in conflict with the general law, on the same subject will control.

479 S.W.2d at 365.

We conclude, therefore, that Harris County must require a performance bond on every public works contract that is "incident to" the construction of roads, bridges or drainage facilities, provided the contract amount is greater than $1,000. It may not require a performance bond on any other kind of public works contract unless the amount of the contract is in excess of $25,000, and it may not require a payment bond on any public works contract, including those related to roads, bridges and drainage, unless the amount of the contract exceeds $25,000. We cannot here determine whether any particular public works project is "incident to . . . roads, bridges and drainage."

### SUMMARY

> Harris County must require a performance bond on every public works contract that is "incident to" the construction of roads, bridges or drainage facilities, provided the contract amount is greater than $1,000. It may not require a performance bond on any other kind of public works contract unless the amount of the contract is in excess of $25,000, and it may not require a payment bond on any public works contract, including those related to roads, bridges and drainage, unless the amount of the contract exceeds $25,000.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn